1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAYVEEN LAURELL MCBRIDE, | NO.  C16-5645-RSM-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security[1], | |
| Defendant. | |

Plaintiff Dayveen Laurell McBride appeals the final decision of the Commissioner of

the Social Security Administration ("Commissioner") that denied her application for

Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C.

§§ 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set

forth below, the Court recommends that the Commissioner's decision be REVERSED and

REMANDED for further administrative proceedings.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit.  The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

REPORT AND RECOMMENDATION - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

I.      FACTS AND PROCEDURAL HISTORY

Plaintiff is a 52-year-old woman with a GED.  Administrative Record ("AR") at 76.  Her past work experience includes employment as a caregiver.  AR at 270.  Plaintiff was last gainfully employed in 2000.  *Id*.

On June 29, 2012, Plaintiff protectively filed a claim for SSI payments, alleging an onset date of February 12, 2002.  AR at 245-53, 265.  Plaintiff asserts that she is disabled due to heart issues.  AR at 269.

The Commissioner denied Plaintiff's claim initially and on reconsideration.  AR at 148-55.  Plaintiff requested a hearing, which took place on October 14, 2014.  AR at 72-101.  On November 24, 2014, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy.  AR at 9-18.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On July 22, 2016, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1, 5.

II.      JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

III.      STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

REPORT AND RECOMMENDATION - 2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.    EVALUATING DISABILITY

As the claimant, Ms. McBride bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

V.        DECISION BELOW

On November 24, 2014, the ALJ found:

1.    The claimant has not engaged in substantial gainful activity since June 29, 2012, the application date.

2.    The claimant's non-ischemic cardiomyopathy; obesity; asthma; history of major depressive disorder versus adjustment disorder; and history of polysubstance dependence, in claimed remission, are severe impairments.

3.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4.    The claimant has the RFC to lift 20 pounds occasionally and 10 pounds frequently. She cannot stand or walk more than 2 hours of a workday, and she has no sitting limitations. She should not be required to climb other than occasional climbing of ramps and stairs. She can engage in postural activities on an occasional basis, and should avoid concentrated exposure to extreme cold, extreme heat and environmental irritants such as fumes, odors, dusts and gases. She can

REPORT AND RECOMMENDATION - 5

sustain concentration, persistence and pace for simple, routine
repetitive tasks in the workplace.  She should not be required to
engage with the public on more than on occasional basis.  She would
work best in a predictable work environment with few changes.

5.      The claimant has no past relevant work.

6.      Considering the claimant's age, education, work experience, and RFC,
there are jobs that exist in significant numbers in the national economy
that the claimant can perform.

7.      The claimant has not been under a disability, as defined in the Act,
since June 29, 2012, the date the application was filed.

AR at 11-17.

## VI.      ISSUES ON APPEAL

The principal issues on appeal are:

1.      Whether the ALJ erred in failing to apply Grid Rule 201.12 to find Plaintiff
disabled;

2.      Whether the ALJ erred in assessing certain medical opinions;

3.      Whether the ALJ erred in assessing Plaintiff's RFC; and

4.      Whether the ALJ relied on vocational testimony that conflicts with the
Dictionary of Occupational Titles ("DOT"), without first resolving the conflict.

Dkt. 17 at 1.

## VII.      DISCUSSION

A.      The ALJ Erred in Assessing Certain Medical Opinions.

Erun Khaleeq, M.D., examined Plaintiff in December 2012, and opined that *inter alia*

Plaintiff may have difficulty working consistently because she is "really distractible[,]" and

may have difficulty maintaining regular attendance or completing a normal

workday/workweek due to low energy level caused by poor sleep.  AR at 505-08.  Dr. Khaleeq

also opined that Plaintiff is "unable to pay attention to her hygiene as evidenced from her

appearance" and that "[t]oday the usual stress encountered in the workplace would further aggravate her psychiatric condition."  AR at 508.

The ALJ gave "little weight" to Dr. Khaleeq's opinion because although Plaintiff appeared disheveled and distractible during her examination with Dr. Khaleeq, she was not described this way in other records and did not so appear at the administrative hearing.  AR at 16.  The ALJ also noted that Plaintiff was not engaged in any mental health treatment, was not prescribed any antidepressant medication, and no treating source expressed a need for mental health treatment.  *Id*.

1.   *Legal Standards*

If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is.  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988).  "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.* (citing *Magallanes*, 881 F.2d at 751).  The ALJ must do more than merely state his/her conclusions.  "He must set forth his own interpretations and explain why they, rather than the doctors', are correct."  *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).  Such conclusions must at all times be supported by substantial evidence.  *Reddick*, 157 F.3d at 725.

An ALJ is responsible for translating clinical findings from the medical evidence into a "succinct RFC."  *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).  If the ALJ's RFC assessment "conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996).

REPORT AND RECOMMENDATION - 7

2.      *The ALJ Failed to Address Opinions Regarding Plaintiff's Limitations in Handling Stress.*

The ALJ's reasoning with respect to Plaintiff's disheveled and distracted presentation to Dr. Khaleeq is legitimate and convincing, because the remainder of the record is inconsistent with the observations recorded by Dr. Khaleeq. *See, e.g.*, AR at 496 (describing Plaintiff as clean and casually dressed, with "good" behavior, memory, tracking, and conversational understanding), 504 (describing Plaintiff as neat, clean, and well-groomed during an examination, and demonstrating normal concentration abilities).

Dr. Khaleeq's opinion regarding possible limitations caused by Plaintiff's poor sleep is not phrased in definite terms, and therefore need not be accounted for by the ALJ in the RFC assessment, which measures the most that a claimant can do. 20 C.F.R. § 416.945(a) (RFC "is the most you can still do despite your limitations").

Finally, turning to Dr. Khaleeq's opinion regarding Plaintiff's ability to manage workplace stress, the Court finds that this opinion was neither specifically rejected by the ALJ nor accounted for in the RFC assessment. Furthermore, the ALJ explicitly noted that the State agency consultant opined that Plaintiff would work best in a "stable low pressure setting[,]" and gave great weight to the State agency opinions, but did not include a limitation to "low pressure" work or explain why such a limitation was not included. AR at 16 (referencing AR at 142).

The Commissioner argues that the ALJ accommodated Plaintiff's stress limitation by restricting her to simple work, but the ALJ did not so state, and it is not clear that this restriction fully accounts for the deficit. *See* Dkt. 18 at 8. The vocational expert testified that the job relied upon at step five is a production-pace job, which could implicate workplace stress. *See* AR at 17, 98. Under these circumstances, the Court finds the ALJ's decision is

inconsistent with Dr. Khaleeq's opinion and the State agency opinions regarding Plaintiff's stress limitations, and that the ALJ failed to explain why the RFC assessment departs from those opinions in that respect.

In light of the ALJ's error in assessing medical opinions and need for reconsideration of that evidence (as explained *infra*), the ALJ's RFC assessment may require revision, as may the step-five findings.  As a result, the Court need not address Plaintiff's remaining assignments of error.

B.    This Case Should be Remanded For Proceedings, Rather than a Finding of Disability.

The Court finds that that the appropriate remedy is a remand for further proceedings. There are numerous conflicts in the record that prohibit the Court from finding that there are no outstanding issues that must be resolved, or that there are no serious doubts as to whether Plaintiff is disabled.  Thus, a remand for proceedings is warranted.  *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1105-07 (9th Cir. 2014).

On remand, the ALJ shall reconsider the opinions of Dr. Khaleeq as well as the State agency consultants regarding Plaintiff's deficits in handling workplace stress, and either credit those opinions or provide legally sufficient reasons to discount them.  The ALJ's reconsideration of Plaintiff's stress limitations may warrant reconsideration of the RFC assessment, the step-five findings, and any other part of the decision as needed.

VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **February 24, 2017**.  Failure to file

objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 3, 2017**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 10th day of February, 2017.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 10